# IN THE COURT OF APPEALS OF IOWA

No. 23-2110
Filed May 7, 2025

**TAJH MALIK ROSS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.

Tajh Ross appeals the denial of his application for postconviction relief.
**AFFIRMED.**

Kent A. Simmons, Bettendorf, for appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney General, for appellee State.

Considered without oral argument by Schumacher, P.J., Badding, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**DOYLE, Senior Judge.**

Tajh Ross appeals the denial of his second application for postconviction relief (PCR). He challenges the PCR court's determination that (1) his second application is time barred and (2) his first PCR counsel was not ineffective by failing to request further review after this court affirmed the denial of his first PCR application.

In 2014, Ross was convicted of first-degree murder, intimidation with a dangerous weapon, and going armed with intent. This court affirmed his convictions on direct appeal. *State v. Ross*, No. 14–1717, 2016 WL 1677181, at *1 (Iowa Ct. App. Apr. 27, 2016). Ross then filed a PCR application alleging ineffective assistance of counsel, and we affirmed the ruling denying relief. *Ross v. State*, No. 19-1938, 2021 WL 3076443, at *1 (Iowa Ct. App. July 21, 2021). Ross's court-appointed appellate counsel did not file an application for further review. Ross filed a pro se application for further review which the supreme court denied as untimely by two days. A three-justice panel affirmed the denial.

Ross filed his second PCR application in December 2022. He claimed he received ineffective assistance from his first PCR appellate counsel for failing to file an application for further review.[1] The State did not raise an Iowa Code section 822.3 (2022) statute-of-limitations defense[2] in its answer, but Ross

_____

[1] After the denial of his first PCR application, Ross petitioned the federal court for writ of habeas corpus. Based on Ross's failure to timely request further review, the federal district court found he did not exhaust the remedies available in state court and dismissed the petition.

[2] Iowa Code section 822.3 provides, in part:

> All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation

anticipated and addressed the defense in a pre-trial brief. When the State raised the issue for the first time in post-trial briefing, Ross argued it was untimely and therefore waived.

The PCR court denied Ross's application. It found the application was untimely under Iowa Code section 822.3 but went on:

> However, the court also acknowledges that the alleged ineffective assistance of [first PCR appellate counsel] occurred when he failed to file an application for further review of the Court of Appeals' decision in case no. 19-1938. The opinion in that case was filed on July 21, 2021. This was after the limitations period set by section 822.3 had expired. If Iowa law allowed Ross additional time to seek postconviction relief based on the alleged ineffective assistance of counsel in a prior postconviction proceeding, the present action might be deemed timely filed. As a result, the court addresses the substance of the arguments raised by Ross as set forth below.

The court then proceeded to address the merits of Ross's ineffective-assistance claim. The court found Ross failed to meet his burden of proof on either prong of the test for ineffective assistance of counsel. Ross moved the PCR court to amend or enlarge its findings after taking judicial notice of the case file in the appeal of the first PCR action, but the court refused because Ross never introduced the file as an exhibit at trial.

Ross first challenges the PCR court's determination that his application was untimely under section 822.3, claiming, among other things, the State waived the defense. The PCR court found that the defense "was clearly presented" at trial

---

does not apply to a ground of fact or law that could not have been raised within the applicable time period. . . . An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods.

and Ross "cannot credibly claim he was surprised by the defense he addressed in his pretrial brief." It determined: "This is a case where, to the extent it is necessary to allow the court to address the issue, the answer must be amended to conform to the proof." But we need not determine whether this ruling is correct or not, or whether the PCR court correctly or incorrectly found the statute of limitations applicable, and the case time barred since it was filed more than three years after the expiration of the applicable limitations period. The PCR court's denial of the application was not based on the statute of limitations issues since it fully addressed the merits of Ross's ineffective assistance of counsel claim, and found:

> In the alternative, if the present case is not time barred, the court finds that (1) [first PCR appellate counsel] was not ineffective and (2) even if [first PCR appellate counsel] was ineffective this is not a case involving structural error and Ross must prove he was prejudiced. Ross has not proven that but for [first PCR appellate counsel]'s failure to file a timely application for further review, there is a reasonable probability that Ross would have prevailed on his application for postconviction relief in PCCV857171 and/or in his case in federal court.

So, we turn to the merits of the basis for Ross's appeal: whether his first PCR appellate counsel was ineffective by failing to timely apply to the supreme court for further review after this court affirmed the dismissal of the PCR application. We review ineffective-assistance claims de novo. *See Trane v. State*, 16 N.W.3d 683, 692 (Iowa 2025). On de novo review, we give weight to the district court's findings but are not bound by its determination.[3] *See Trane*, 16 N.W.3d at 692.

---

[3] Ross challenges the PCR court's refusal to take judicial notice of the court file in the appeal of the first PCR hearing. Because our review is de novo, we consider the file in reaching our conclusion on appeal. *Erickson v. Blake*, No. 15-0251, 2016 WL 1130578, at *1 (Iowa Ct. App. Mar. 23, 2016) (noting that any error by the district court in determining admissibility of evidence does not require reversal on appeal if our review is de novo).

To succeed on a claim of ineffective assistance, a PCR applicant must ordinarily show (1) that counsel failed to perform an essential duty and (2) this failure caused prejudice.[4]  *See Trane*, 16 N.W.3d at 692*.*

The PCR court found that Ross failed to meet his burden of proof on either prong of the ineffective-assistance test.  We focus our analysis on the second prong because "[i]f the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently."  *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021) (citation omitted).  To prove prejudice, Ross "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Trane*, 16 N.W.3d at 698 (citation omitted).

On appeal, Ross claims he was prejudiced by his PCR counsel's failure because the supreme court would have granted further review and granted PCR based on his trial counsel's failure to move to suppress statements made to law enforcement because his right to remain silent was not honored.  But even if counsel managed to suppress Ross's statements to police, there is ample evidence to support his conviction based on eyewitness testimony.  *Ross*, 2021

---

[4] Below, Ross argued his PCR appellate counsel's failure to apply for further review resulted in structural error.  Because a structural error infects the entire adversarial process, the standard ineffective-assistance test does not apply because error is presumed.  *See Norem v. State*, No. 22-0140, 2023 WL 3089885, at *2 (Iowa Ct. App. Apr. 26, 2023).  But in *Norem*, this court rejected a PCR applicant's claim of structural error based on appellate counsel's failure to apply for further review of the appellate decision affirming his convictions on direct appeal, which prevented him from bringing a federal habeas corpus action.  *Id.* ("[W]e do not classify counsel's failure to file a further review application as structural error because we can analyze whether counsel's failure was prejudicial or ultimately harmless and it did not infect the entire adversarial process.").  We applied the traditional two-prong ineffective-assistance test instead.  *Id.*  We likewise do so here.

WL 3076443, at *4 (noting that "the lengthy and detailed findings and conclusions of the [trial] court placed little or no significance on the statements made by []Ross to the police," relying instead on eyewitness account of Ross's actions and statements). Because we agree that Ross falls short of showing he would have been granted PCR if counsel timely applied for further review, we affirm the denial of his second PCR application.

**AFFIRMED.**